United States District Court
Southern District of Texas
**ENTERED**
November 06, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEXTER JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2466 |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### ORDER

Texas death row inmate Dexter Johnson filed a federal habeas corpus petition in 2011. Dkt. 1. In 2013, the Court entered a Memorandum and Order ("2013 Opinion") denying all but one claim and ordering additional briefing on the remaining issue. Dkt. 19.[1] This Court subsequently entered a Memorandum Opinion and Order in 2014 ("2014 Opinion") reiterating the earlier decision and disposing of Johnson's final claim.[2] Dkt. 31. The Court entered a separate final judgment stating: "In accordance with the Court's Memorandum and Order of even date, this Court **DENIES** Dexter Johnson's petition for a writ of habeas corpus." Dkt. 32. Johnson unsuccessfully sought relief in the United States Court of Appeals for the Fifth Circuit.

Now, several years later, Johnson has filed a motion for reconsideration under FED. R. CIV. P. 59(a)(2). Dkt. 41. Johnson argues that this Court "elected to retain jurisdiction" because it "never

---

[1] Johnson filed an interlocutory appeal from that ruling which the Fifth Circuit dismissed. (DE 30).

[2] The 2014 Opinion's first line recognized that this Court had previously "den[ied] all but one claim in Dexter Johnson's federal petition for a writ of habeas corpus." (DE 31 at 1). The 2014 Opinion also found that Johnson had not shown an entitlement to a certificate of appealability on the previously denied issues. (DE 31 at 13).

issued a final judgment with respect to" the 2013 Opinion. Dkt. 41 at 1, 2 n.2.[3] Johnson argues that this Court violated FED. R. CIV. PRO. Rule 58 which requires that "[e]very judgment . . . must be set out in a separate document " because it did not issue a final judgment relating to 2013 Opinion. With that formulation, Johnson asks the Court to revisit the adjudication of his habeas claims.

Johnson's argument that no final judgment issued for his claims is of recent vintage. Johnson did not dispute the scope of this Court's final judgment before appealing issues denied in both opinions. Johnson, in fact, said that he "appeal[ed] from the District Court's **denial of all relief** dated on June 25th, 2014." Dkt. 33 (emphasis added). Johnson then raised issues on appeal that the Court denied in the 2013 Opinion. Johnson waived any argument based on Rule 58 by the manner in which he litigated his appeal. *See Bankers Trust v. Mallis*, 435 U.S. 381, 388 (1978); *see also DeGroat v. Pier 1 Imports, Inc.*, 2001 WL 360695, at *1 (5th Cir. 2001); *Nagle v. Lee*, 807 F.2d 435 (5th Cir. 1987) .

More importantly, this Court's final judgment complied with Rule 58. Courts are "not required to 'mindlessly' apply Rule 58." *United States v. Perez*, 736 F.2d 236, 238 (5th Cir. 1984) (quoting *Weinberger v. United States*, 559 F.2d 401, 402 (5th Cir. 1977)). Johnson argues that the final judgment "did not incorporate in any way, shape, or form" the 2013 Opinion. Dkt. 41 at 6. True, the final judgment referred to the 2014 Opinion, but that opinion reiterated that all claims had previously been denied. The final judgment in this case "indicates a plain  intent . . . to take final, dispositive, and adjudicatory action " on the whole petition. *InterFirst Bank Dallas, N.A. v. F.D.I.C.*,

---

[3] Johnson's argument rests on a fiction, that this Court could retain jurisdiction for some claims during the appellate proceedings. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Taylor v. Sterrett*, 640 F.2d 663, 667-68 (5th Cir. 1981) (finding that a district court is divested of jurisdiction upon the filing of a notice of appeal with respect to any matters involved in the appeal, whether that appeal is from a final judgment or an interlocutory order).

808 F.2d 1105, 1109 (5th Cir. 1987). To hold otherwise, would elevate form over substance for no practical reason and would also undermine the finality that is of such particular concern in the habeas context.

Johnson's hypertechnical arguments have no basis in law or fact. This Court issued a valid final judgment disposing of all Johnson's claims. Johnson's Rule 59 motion is untimely and procedurally improper.

Alternatively, Johnson invokes this Court's jurisdiction under FED. R. CIV. P. 60(d)(1) which exists to "relieve a party from a judgment, order, or proceeding." Johnson's motion attacks the denial of several issues, many of which were rejected by the Fifth Circuit. No matter how designated, Johnson's motion "attacks the federal court's previous resolution of a claim *on the merits*," which "is effectively indistinguishable from alleging that [he] is, under the substantive provisions of the statutes, entitled to habeas relief." *Gonzalez v. Crosby*, 545 U.S. 524, 526 (2005). Johnson's recent motion is, in effect, a new habeas petition. Johnson has not received authorization from the Fifth Circuit to prosecute a new habeas action. *See* 28 U.S.C. § 2244(b). Thus, Johnson's motion is also subject to dismissal as a successive habeas petition.

For those reasons, this Court **DENIES** Johnson's baseless Rule 59 motion.

Signed at Houston, Texas on November 6, 2017.

_____
Gray H. Miller
United States District Judge
