United States District Court
Southern District of Texas
**ENTERED**
February 07, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEXTER JOHNSON, | § § | |
| Petitioner, | § | |
| VS. | § § | CIVIL ACTION NO. 4:11-CV-2466 |
| LORIE DAVIS, | § § § | |
| Respondent. | § | |

## ORDER

The State of Texas has set an execution date of May 2, 2019, for death row inmate Dexter Johnson. On January 15, 2019, Johnson sent this Court a letter expressing concern about the representation of his appointed attorney, Patrick F. McCann. Docket Entry No. 65. Mr. McCann has represented Johnson in both state and federal court. Johnson asks for a new attorney because Mr. McCann allegedly labors under a conflict because of *Martinez v. Ryan*, 566 U.S. 1 (2012).[1] Johnson asks for the substitution of Mr. McCann with an attorney from the Capital Habeas Unit of the Federal Public Defender for the Northern District of Texas. Mr. McCann has submitted a sealed, *ex parte* response to Johnson's letter. Docket Entry No. 66.

A court may only substitute counsel for capital inmates when in the "interests of justice." *Martel v. Clair*, 565 U.S. 648, 659-60 (2012). This "context-specific inquiry" involves "several relevant considerations," including: "the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent

---

[1] "In *Martinez* . . . the Supreme Court held that a habeas petitioner's procedural default of an ineffective assistance of trial counsel claim could be excused by a federal habeas court if, under certain circumstances, the petitioner received ineffective assistance of counsel during the state collateral review process." *Speer v. Stephens*, 781 F.3d 784, 785 (5th Cir. 2015). A "potential conflict" arises when an inmate "had the same counsel for both his state and federal habeas proceedings." *Allen v. Stephens*, 619 F. App'x 280, 290 (5th Cir. 2015).

of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)." *Id.*

A substitution of counsel is not in the interests of justice at this time. Mr. McCann has litigated this case for many years through several different legal challenges. Mr. McCann raised issues relating to *Martinez* during the initial round of federal habeas review. *Johnson v. Stephens*, 617 F. App'x 293, 301-03 (5th Cir. 2015). Mr. McCann has already started preparing for additional litigation and for clemency proceedings. He has sought assistance in advancing claims in state court and will soon seek federal resources to bolster his efforts. The interests of justice do not suggest that it would be wise to set aside Mr. McCann's experience with this case so near the execution date. Mr. McCann will remain lead counsel.

The Court notes, however, that Mr. McCann is the only attorney appointed to represent Johnson. Under federal law, a capital inmate "shall be entitled to the appointment of one or more attorneys." 18 U.S.C. § 3599(a)(2). Accordingly, the Court will appoint as co-counsel:

**Jeremy Schepers**
**Supervior Capital Habeas Unit**
**Office of the Federal Public Defender, Northern District of Texas,**

525 S Griffin St., Ste 629
Dallas, TX 75202
214-767-2746
jeremy_schepers@fd.org

The Court anticipates that co-counsel will make a thorough, and independent, assessment of whether unpresented claims remain. Specifically, co-counsel will explore whether Johnson can establish cause for the procedural default of any ineffective-assistance-of-trial-counsel claims pursuant to *Martinez*, whether those claims merit relief, and whether a viable vehicle exists for raising those claims in federal court.

The Clerk will provide copies of this Order to the parties.

SIGNED on **FEB 0 5 2019**, at Houston, Texas.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE