IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| **DEXTER DARNELL JOHNSON**, | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-cv-02466 |
| | § | |
| **LORIE DAVIS**, Director, | § | **DEATH PENALTY CASE** |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| *Respondent*. | § | |

**OPPOSED MOTION FOR A STAY OF EXECUTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Petitioner, DEXTER DARNELL JOHNSON, by and through undersigned counsel, the Office of the Federal Public Defender for the Northern District of Texas ("FPD"), and moves for a stay of execution. A stay of execution is needed to ensure that Mr. Johnson is afforded the right to conflict-free counsel that has the opportunity to meaningfully research, investigate, and present potentially meritorious claims for habeas relief. Despite the FPD's diligent work since its appointment, the short time before Mr. Johnson's execution is insufficient to remedy the errors and omissions made by Mr. McCann and to effectively litigate the remaining potentially meritorious claims. Mr. Johnson requests that this stay motion be considered in conjunction with his motion to terminate Mr. McCann's appointment, DE 76, and incorporates all facts and arguments in that motion by this specific reference.

## I. Factual background.

Mr. Johnson was convicted of capital murder and sentenced to death on June 28, 2007. On the same day, Mr. McCann was appointed to represent Mr. Johnson in state habeas proceedings. 3 CR 681 (*Texas v. Johnson*, No. 1085483, 11.071 Writ of Habeas Corpus Oath of Indigence/Findings of Fact/Order Appointing Counsel/Statement of Facts (208th D.Ct. Jun. 28, 2007)). The Texas Court of Criminal Appeals denied habeas relief on June 30, 2010. *Ex parte Johnson*, No. WR-73,600-01, Slip Op. (Tex. Crim. App. Jun. 30, 2010) (per curiam). Subsequently, Mr. McCann moved for appointment to continue representing Mr. Johnson in federal habeas pursuant to 18 U.S.C. § 3599. *Johnson v. Thaler*, No. 4:10-mc-00318, DE 1 at 1 (S.D. Tex. Jul. 29, 2010). He was appointed the next day. *Id.* DE 2. All of Mr. Johnson's claims for relief were denied during his federal habeas proceedings.

On January 15, 2019, Mr. Johnson wrote a letter to this Court. He explained that he was told by other inmates that Mr. McCann had a conflict of interest in representing him; that Mr. McCann had not explained to him what was going on in his case; and, that he was requesting new counsel. DE 65. In response to this letter, Mr. McCann filed a sealed, unopposed response opposing Mr. Johnson's request. DE 66. On January 29, 2018, Mr. Johnson filed a motion for appointment of counsel. DE 68. On February 5, 2019, in response to a motion filed by Mr. Johnson, the Court appointed the FPD as co-counsel. DE 70 at 2. In the order appointing the FPD to represent Mr. Johnson, the Court decided to maintain Mr. McCann's appointment as lead counsel. DE 70 at 2. That order instructed the FPD to: (1) make a thorough and independent assessment of whether unpresented claims remain; (2) "explore whether

Johnson can establish cause for the procedural default of any ineffective-assistance-of-trial-counsel claims pursuant to *Martinez*"; (3) assess "whether those claims merit relief"; and assess (4) "whether a viable vehicle exists for raising those claims in federal court." *Id.*

On April 5, 2019, the FPD filed a motion to terminate the appointment of Mr. McCann. DE 76. In that motion, the FPD described the results of its preliminary review of Mr. Johnson's case. It found significant evidence that Mr. McCann had provided ineffective assistance of counsel which could provide cause to overcome the procedural default of ineffective assistance of trial counsel claims, and that Mr. McCann was operating under a conflict of interest. Specifically that: (1) Mr. McCann failed to collect Mr. Johnson's case file; (2) Mr. McCann violated his professional and ethical duties to Mr. Johnson by defending his state habeas representation while nominally seeking excusal from procedural default under *Martinez v. Ryan*; (3) Mr. McCann failed to inform Mr. Johnson of his conflict of interest under *Martinez*; and (4) Mr. McCann failed to timey present claims for relief in accordance with state law. *Id.* at 9-17.

In addition to these failures by Mr. McCann, that motion documents several previously unpresented, and potentially meritorious, claims for relief. These claims were that: (1) Mr. Johnson likely qualifies for a diagnosis of intellectual disability; (2) trial counsel were ineffective for failing to preserve error when the State misstated the law during punishment phase closing arguments and claimed that mitigating evidence must be connected to the crime; (3) a State witness presented false

testimony that Mr. Johnson was eligible for a less-restrictive custody classification, and trial counsel were ineffective for eliciting that testimony; (4) significant unpresented issues remain regarding Mr. Johnson's conviction; (5) trial counsel were ineffective for failing to investigate and present evidence that Mr. Johnson lacked the requisite intent to commit capital murder; (6) Mr. Johnson's trial counsel worked for the Harris County District Attorney's Office without appropriate protective measures in place; and (7) new discovery from the State could lead to relief. DE 76 at 18-28. The motion also outlined the various viable procedural mechanisms to present these claims. *Id.* at 28-33.

Mr. Johnson is currently set to be executed on May 2, 2019.

## II. Mr. Johnson's execution should be stayed to allow for meaningful, conflict-free representation.

The FPD requires additional time to continue their investigation of potentially meritorious claims. While the preliminary review of Mr. Johnson's case establishes that potentially meritorious claims still exist, more time to investigate and develop these issues is required to provide Mr. Johnson with meaningful, conflict-free representation.

### A. This Court has the discretion to stay Mr. Johnson's execution pursuant to *McFarland v. Scott*.

Under 18 U.S.C. § 3599(e), capitally-sentenced prisoners have the right to assistance of counsel "throughout every . . . stage of available judicial proceedings . . . including all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures." District courts have the

power to grant a stay in conjunction with appointment of counsel under § 3599. *Ryan v. Gonzales*, 568 U.S. 57, 70-71 (2013) ("[A] district court may stay a capital prisoner's execution once the prisoner has invoked his statutory right to counsel."); *Gutierrez v. Davis*, No. 18-70028 (5th Cir. Sept. 10, 2018); *Ramirez v. Davis*, 675 F. App'x 478, 479 (5th Cir. 2017); *Battaglia v. Stephens*, 824 F.3d 470, 475 (5th Cir. 2016); *Charles v. Stephens*, 612 F. App'x 214, 218 (5th Cir. 2015). In *McFarland v. Scott*, 512 U.S. 849 (1994), the Supreme Court held that stays of execution are warranted in ensure that a petitioner's right to counsel is respected, irrespective of whether an application for writ of habeas corpus is pending. *McFarland* "has instructed federal courts to grant a stay" when a petitioner has "insufficient time to meaningfully exercise [his right to counsel] because of an impending execution[.]" *Charles*, 612 F. App'x at 222. The right to counsel does not merely mean that something can be filed on the petitioner's behalf; instead, the right to counsel "necessarily includes the right for that counsel *meaningfully* to research and present a defendant's habeas claims." *McFarland*, 512 U.S. at 858 (emphasis added). Otherwise, the right to counsel would be an "empty promise." *In re Hearn*, 376 F.3d 447, 457 (5th Cir. 2004).

The right to counsel applies to "all available post-conviction process," not merely for the initial federal habeas corpus proceedings. 18 U.S.C. § 3599(e). In *Christensen v. Roper*, the Supreme Court granted a stay of execution while considering whether the lower court had denied the petitioner the right to meaningful assistance of counsel in post-judgment proceedings. 135 S. Ct. 891 (2015) (per curiam). The petitioner had sought appointment of conflict-free counsel, as the only

remaining avenues for relief in his case would require his current counsel to "denigrate their own performance," which created a clear conflict of interest. *Id.* at 894. The court explained that "[c]ounsel cannot reasonably be expected to make such an argument." *Id.* The Court determined that substitution of counsel was appropriate, despite the "host of procedural obstacles" the petitioner faced. *Id.* at 895.

Under 28 U.S.C. § 2251(a)(3), a court "that would have jurisdiction to entertain a habeas corpus application" has the ability to stay an execution for up to 90 days from the appointment of counsel. Here, Mr. Johnson filed a motion requesting the appointment of counsel, DE 68, and this Court appointed the FPD on February 5, 2019. DE 70 at 2. Because this was less than 90 days from Mr. Johnson's scheduled execution date, this Court has the ability to stay Mr. Johnson's May 2, 2019, execution.[1] Mr. Johnson timely requested appointment of conflict-free counsel after he became aware that Mr. McCann labored under a conflict of interest. DE 65, 68. While this conflict should have been raised by Mr. McCann previously, DE 76 at 14-15, Mr. Johnson is not at fault for Mr. McCann's omission. As such, a stay of execution is warranted to ensure that the appointment of counsel is meaningful. *See McFarland*, 512 U.S. at 858.

**B. A stay is warranted to allow Mr. Johnson time to meaningfully investigate and present his potentially meritorious claims.**

Absent a stay of execution, Mr. Johnson will not receive the meaningful assistance of counsel he is entitled to. *See McFarland*, 512 U.S. at 858. The FPD's

[1] This Court's 90 day stay of execution would last until May 6, 2019. However, under Texas law, the earliest that a new execution date can be set would be 91 days after it is, potentially, reset by the trial court. Tex. Code Crim. Pro. art 43.141(c).

efforts on behalf of Mr. Johnson were slowed initially because of Mr. McCann's failure to collect Mr. Johnson's case file. Mr. McCann failed to collect voluminous files from both of Mr. Johnson's trial counsel, as well as from the trial mitigation specialist. DE 76 at 9-10. This is a basic task that Mr. McCann inexcusably failed to accomplish in the more than ten years that he was appointed to represent Mr. Johnson. Because of this, the FPD has had to devote significant time and resources to collecting these files. After collecting these files, the FPD immediately began to review them, but due to their volume, as of today that review remains incomplete.

The FPD's preliminary review of Mr. Johnson's files identified numerous potentially meritorious claims for relief that Mr. McCann has either overlooked, inadequately investigated, or failed to plead in a timely fashion. DE 76 at 18-28. Rather than being fully briefed claims ripe for review, they reflect that the investigation into these matters is far from complete and additional time is needed for consultation with necessary experts and eventual preparation of those claims to be filed. As such, a stay is warranted to allow Mr. Johnson to receive meaningful, conflict-free representation. A non-exhaustive list of additional investigation needs follows, and the FPD anticipates that as its work on Mr. Johnson's case continues, additionally potentially meritorious claims will be identified.

First, Mr. Johnson likely qualifies for a diagnosis of intellectual disability under current medical standards, which would render him categorically ineligible for the death penalty. DE 76 at 18-22. The trial record in this case provides significant indications that he qualifies for such a diagnosis, and Dr. Watson has informed the

FPD that changes in the criteria for diagnosis of intellectual disability warrant full investigation into this issue. *Id.* at 21. While the FPD has diligently pursued this line of investigation, additional time is needed to investigate Mr. Johnson's adaptive functioning, as well as time to consult with necessary experts in furtherance of that diagnosis.

Second, significant, as of yet not fully investigated, issues remain pertaining to Mr. Johnson's conviction. DE 76 at 25-26. The FPD is investigating guilt-phase issues with an eye toward raising IATC, false testimony and other prosecutorial misconduct claims based on new evidence that Mr. Johnson was not the master-mind of the offenses for which he and his co-defendants were convicted. The FPD has diligently pursued this investigation, yet due to the number of extraneous offenses and individuals involved in them, that investigation remains ongoing.

Third, Mr. McCann filed a motion seeking to stay the federal proceeding to allow him to present a claim in state court that trial counsel failed to present evidence of Mr. Johnson's "psychological and biological mental impairment" during the merits phase of trial to demonstrate an absence of the requisite intent to commit capital murder. DE 14 at 2-3. The FPD concurs with Mr. McCann's assessment that this claim is potentially meritorious; however, Mr. McCann should have presented this issue in Mr. Johnson's initial state habeas application. Diligent pursuit of this issues requires additional investigation and consultation with expert witnesses, which has not yet occurred.

Fourth, new discovery recently turned over by the State in the form of *Brady* notices needs additional time to be developed. On February 19, 2019, the State provided two notices—one regarding problems with the Houston Police Department latent print lab, a second regarding Officer Todd W. Miller's conduct—which the FPD requires additional time to investigate the impact of on Mr. Johnson's case. DE 76 at 28.

Moreover, once this factual investigation is complete, the FPD requires time to conduct legal research as prepare various potential filings on Mr. Johnson's behalf. As outlined in the motion to terminate Mr. McCann's appointment, Mr. Johnson's already identified unpresented claims are not "'indisputably' barred by procedural rules" nor are they a "wholly futile enterprise." *Battaglia*, 824 F.3d at 474 (internal citations omitted); DE at 29-33. Yet, they require time to investigate and prepare before being ripe for judicial review. Not granting Mr. Johnson a stay of execution would violate his right to meaningful, conflict-free counsel.

**III. Conclusion.**

For the reasons stated herein, Mr. Johnson requests that this Court enter an order staying his execution.

Respectfully submitted,

JASON D. HAWKINS
Federal Public Defender

*/s/ Jeremy Schepers*
Jeremy Schepers (24084578)
Supervisor, Capital Habeas Unit
Office of the Federal Public Defender

Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, Texas 75202
jeremy_schepers@fd.org
(214) 767-2746
(214) 767-2886 (fax)

**CERTIFICATE OF CONFERENCE**

I, Jeremy Schepers, hereby certify that on the 5th day of April, 2019, I conferenced this motion with Ellen Stewart-Klein of the Texas Attorney General's Office. She informed me that the Director opposes this motion.

*/s/ Jeremy Schepers*

Jeremy Schepers

**CERTIFICATE OF SERVICE**

I, Jeremy Schepers, hereby certify that on the 8th day of April, 2019, a copy of the foregoing motion was delivered via ECF to the Texas Attorney General's Office, attention Ellen Stewart-Klein.

*/s/ Jeremy Schepers*

Jeremy Schepers