IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEXTER JOHNSON, § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIV. ACT. NO. 4:11-cv-02466 | |
| § | | |
| LORIE DAVIS, Director, § | *DEATH PENALTY CASE* | |
| Texas Department of Criminal § | *Execution Date 5/2/2019* | |
| Justice, Correctional Institutions § | | |
| Division, § | | |
| Respondent. § | | |

**RESPONDENT'S OPPOSITION TO PETITIONER'S
MOTION TO FILE EX PARTE & UNDER SEAL**

Petitioner Dexter Johnson was properly convicted and sentenced to die for the capital murder of Maria Aparece. Johnson has exhausted his state and federal appeals and is scheduled to be executed after 6:00 p.m. (Central Time) on May 2, 2019. Johnson has filed a Motion to Proceed Ex Parte and Under Seal. ECF No. 75 (Apr. 1, 2019). But the Director opposes the relief sought. Specifically, the Director believes that Johnson wishes to pursue funding for his investigation but with appointment of the Capital Habeas Unit for the Northern District of Texas (CHU) as supplemental counsel, Johnson should not require additional funds.

Johnson does not demonstrate the need for confidentiality and should not be permitted to file ex parte documents with the Court. There is a federal

law presumption against ex parte proceedings. *See United States v. Gonzales*, 150 F.3d 1246, 1264 (10th Cir. 1998) (noting that changes in federal law altered "the presumption from an ex parte hearing for services . . . to a process which is not to be held ex parte"). Only if "a proper showing is made concerning the need for confidentiality" may an inmate proceed ex parte. 18 U.S.C. § 3599(g). To make this "proper showing," an inmate must do more than provide "a generic need for confidentiality which arises in virtually all capital cases." *Patrick v. Johnson*, 37 F. Supp. 2d 815, 816 (N.D. Tex. 1999). Instead, the inmate must "identify generically the type of services needed and the broad issue or topic (e.g., innocence) for which the services are necessary" and provide a "short *case-specific* statement of the need for confidentiality." *Id.* (emphasis added) (quoting *Dowthitt v. Johnson*, No. H-98-3282, 1998 WL 1986954 (S.D. Tex. Dec. 2, 1998)). An inmate does not fulfill this burden when he or she "merely [makes] a general assertion of a blanket attorney/client or work product privilege." *Robertson v. Stephens*, No. 3:13-CV-0728-G, 2013 WL 2648441, at *4 (N.D. Tex. June 13, 2013).

Johnson provides this Court with nothing more than a sweeping assertion of the need for confidentiality. But this secrecy justification is nothing more than the typical, broad assertion of attorney-client and work-product privilege present in all cases, and it is insufficient to make a "proper showing." *See Graves v. Johnson*, 101 F. Supp. 2d 496, 499 (S.D. Tex. 2000)

(recognizing that a "generic need for confidentiality" is insufficient to proceed ex parte).

For example, the inmate in *Robertson* sought a mitigation investigator and a mitigation expert to pursue an ineffective-assistance-of-trial-counsel (IATC) claim (the inmate in *Robertson* was actually *more* specific than Johnson in that he identified the type of IATC claim he wished to pursue—the effectiveness of trial counsel's mitigation investigation). *Robertson*, 2013 WL 2648441, at *1. Confidentiality was required, according to the inmate, to protect "'prior and proposed work product' or 'privileged information.'" *Id*. This assertion of confidentiality was inadequate because, for instance, the prior attorney's work would not be protected in light of the privilege-waiver attendant to IATC claims. *Id*. at *3 ("Since all of prior counsel's relevant communications and attorney work product would seem to be laid bare in reviewing their representation, it is not clear what portion of the prior mitigation investigation would remain confidential."). Similarly, the lack of specificity as to the investigation desired by the inmate deprived the respondent "of a meaningful opportunity to provide information necessary for this court to make a proper determination of this important funding matter." *Id*. at *4. Accordingly, the request to proceed ex parte in *Robertson* was denied. *Id*. at *5.

Moreover, there can be no doubt as to the vast resources of the CHU. In a pleading filed just over a month ago, the CHU argued it "has the resources to provide the investigative services that Mr. Robertson, through his previously appointed § 3599 counsel, has been seeking." *Robertson v. Davis,* No. 3:13-cv-728-G (N.D. Tex. March 4, 2019), ECF No. 102, attached as Exhibit A. Indeed, since Johnson's motion was filed, the CHU has filed a motion seeking to terminate lead counsel and touting their investigation. ECF No. 76.

Johnson is seeking to stay his execution and seeking a third bite at the proverbial apple. For the reasons above, Johnson has not made a "proper showing" of the need for confidentiality.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

ADRIENNE MCFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

*Counsel of Record

 s/ Ellen Stewart-Klein
*ELLEN STEWART-KLEIN
Assistant Attorney General
Criminal Appeals Division

4

|                           |                                  |
|---------------------------|----------------------------------|
|                           | Texas Bar No. 24028011           |
|                           | Southern District Bar No. 27861  |
|                           |                                  |
|                           | P.O. Box 12548, Capitol Station  |
|                           | Austin, Texas 78711              |
| ATTORNEYS FOR             | Tel: (512) 936-1400              |
| RESPONDENT                | Fax: (512) 320-8132              |

**CERTIFICATE OF SERVICE**

I do herby certify that on April 15, 2019, I electronically filed the forgoing pleading with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following counsel of record, who consented in writing to accept the Notice as service of this document by electronic means:

Patrick F McCann
700 Louisiana, Ste 3950
Houston, TX 77002
writlawyer@justice.com

Jeremy Don Schepers
Federal Public Defender
525 S Griffin St, Ste 629
Dallas, TX 75202
jeremy_schepers@fd.org

<pre>                              s/Ellen Stewart-Klein
                              ELLEN STEWART-KLEIN
                              Assistant Attorney General</pre>