United States District Court
Southern District of Texas
**ENTERED**
April 30, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEXTER JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-2466 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## ORDER

In 2007, a Texas jury convicted Dexter Johnson of capital murder and he was sentenced to death. Johnson has extensively litigated issues relating to his conviction and sentence in both state and federal court. The State of Texas has set Johnson's execution for May 2, 2019.

On February 5, 2019, this Court appointed supplemental counsel to assist in investigating and litigating issues that were not included in Johnson's initial federal habeas petition. (Docket Entry No. 70). Supplemental counsel has filed (1) a motion to terminate the appointment of Johnson's original federal habeas attorney, Patrick F. McCann and (2) a motion to stay Johnson's execution. (Docket Entry No. 76, 77). Mr. McCann has also filed a motion seeking permission to proceed *ex parte* in requests for funds. (Docket Entry No. 75). For the reasons discussed below, the Court will stay Johnson's execution. The Court will reserve adjudication of the other pending motions until after holding a hearing on said motions.

**I.     Background**

In 2007, a Texas jury convicted Johnson of capital murder for the murder of Maria "Sally" Aparece. On June 28, 2007, he was sentenced to death. That same day, the trial court appointed Patrick F. McCann to represent Johnson in state habeas corpus proceedings. Johnson unsuccessfully

sought state appellate and habeas remedies.

After the conclusion of state habeas review, Johnson filed a motion for the appointment of counsel in federal court on June 28, 2011. (*Johnson v. Thaler*, 4:10-mc-318, Docket Entry No. 1). "In any post conviction proceeding under section 2254 or . . . any defendant who is or becomes financially unable to obtain adequate representation . . . shall be entitled to the appointment of one or more attorneys . . . ." 18 U.S.C. § 3599(2).[1] Johnson requested that Mr. McCann continue representing him in the federal habeas action. At that time, federal courts frequently appointed state habeas counsel with the understanding that an attorney's experience in state court would aid the preparation and litigation of a federal habeas petition.[2] The Court appointed Mr. McCann as counsel of record on July 30, 2010. (*Johnson v. Thaler*, 4:10-mc-318, Docket Entry No. 2). The Court did not appoint any attorney to serve as co-counsel and Johnson did not request that another attorney assist McCann in the litigation.

Johnson litigated an initial federal habeas action, a successive habeas petition, and extensive related issues in this Court. During the pendency of the litigation, however, the Supreme Court issued two decisions that discourage a continuity of representation. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court carved out a narrow equitable exception to federal procedural default rules based on a state habeas attorney's legal representation. *Martinez* held that a state habeas

---

[1] The Court appointed Mr. McCann pursuant to former 21 U.S.C. § 848(q)(9), the predecessor to 18 U.S.C. § 3599(2).

[2] Under the heading "Continuity of Representation," the CJA Guide to Judiciary Policy stated, and still states, that "in the interest of justice and judicial and fiscal economy, unless precluded by a conflict of interest, presiding judicial officers are urged to continue the appointment of state post-conviction counsel, if qualified . . . when the case enters the federal system." 6 Guide to Judiciary Policy § 620.70.

attorney's failure to raise certain claims may allow federal review which otherwise would have been procedurally barred. In *Trevino v. Thaler*, 569 U.S. 413 (2013), the Supreme Court applied *Martinez* to cases rising from the Texas courts. Subsequent circuit cases encouraged the appointment of supplemental counsel or other remedial steps to give *Martinez* effect in already-ongoing federal habeas cases. *See Speer v. Stephens*, 781 F.3d 784 (5th Cir. 2015); *Mendoza v. Stephens*, 783 F.3d 203 (5th Cir. 2015). Neither party, however, asked to reevaluate Mr. McCann's appointed legal representation in light of *Martinez*.

On December 6, 2018, the State of Texas set Johnson's execution for May 2, 2019.

Soon thereafter, Johnson wrote letters to the Court complaining about Mr. McCann's appointed legal representation. (Docket Entry Nos. 65, 68). On February 7, 2019, the Court entered an Order addressing Johnson's concerns. Recognizing that "[a] court may only substitute counsel when in the 'interests of justice,'" the Court observed that Mr. McCann "has litigated this case for many years through several different legal challenges." (Docket Entry No.70 at 1) (quoting *Martel v. Clair*, 565 U.S. 648, 659-60 (2012)). Concerned that it would not be "wise to set aside Mr. McCann's experience with this case so near the execution date," the Court did not remove Mr. McCann as lead counsel. (Docket Entry No. 70 at 2).

The Court, however, recognized that section 3599(a)(2) allowed for the appointment of "one or more attorneys." Accordingly, the Court appointed Jeremy Schepers of the Office of the Federal Defender, Northern District of Texas as co-counsel. The Court set out Mr. Schepers' responsibilities:

> The Court anticipates that co-counsel will make a thorough, and independent, assessment of whether unpresented claims remain. Specifically, co-counsel will explore whether Johnson can establish cause for the procedural default of any

3

ineffective-assistance-of-trial-counsel claims pursuant to *Martinez*, whether those claims merit relief, and whether a viable vehicle exists for raising those claims in federal court.

(Docket Entry No. 70 at 3). In doing so, the Court followed the Fifth Circuit's suggestion in similar cases that the appointment of supplemental counsel would allow for "determining whether [an inmate] has additional habeas claims that ought to have been brought" while maintaining "the rich resource of the counsel who has been through the state habeas process and who has prosecuted the federal habeas action." *Speer*, 781 F.3d at 786; *see also Mendoza*, 783 F.3d at 203 (remanding for the appointment of supplemental counsel).

The questions now before the Court are whether Mr. McCann should continue representing Johnson and whether the circumstances require a stay of the execution date.

## II. Johnson's Pending Motions

Three motions remain pending at this time. Both Johnson's initial federal counsel and his supplemental counsel have filed pleadings. First, Mr. McCann has filed a motion for leave to proceed *ex parte* and under seal in a request for resources for a clemency petition and other last-minute litigation. (Docket Entry No. 75).[3]

Second, two months after his appointment Mr. Schepers filed an Opposed Motion to Terminate Patrick F. McCann's Appointment. (Docket Entry No. 76). Pursuant to his role as supplemental counsel, Mr. Schepers identifies several issues that Mr. McCann did not litigate in the initial habeas proceedings. Further, Mr. Schepers asserts that "Mr. McCann continues to ignore his ethical duties to Mr. Johnson." (Docket Entry No. 82 at 14). Mr. Schepers alleges that Mr. McCann

---

[3] Under 18 U.S.C. § 3599(g), "[n]o ex parte proceeding, communication, or request may be considered . . . unless a proper showing is made concerning the need for confidentiality."

4

has violated ethical and professional duties throughout his representation. Mr. Schepers' pleadings suggest that the current relationship between the attorneys prejudices Johnson's ability to investigate and pursue litigation. Mr. Schepers contends that the Court should terminate Mr. McCann's appointment and that his office has "the requisite knowledge, skill, and experience to effectively represent Mr. Johnson in both state and federal court." (Docket Entry No. 76 at 38).

Mr. McCann filed a sealed pleading in which he disputes the manner in which Mr. Schepers has characterized his appointed legal representation in this case. Mr. McCann also described issues he anticipated raising in subsequent litigation. (Docket Entry No. 78). Mr. McCann has subsequently filed a state-court motion to stay Johnson's execution. On April 29, 2019, the Court of Criminal Appeals entered an order refusing to stay Johnson's execution. *Ex parte Johnson*, No. WR-73,600-02 (Tex. Crim. App. Apr. 29, 2019).

Third, Mr. Schepers has filed an Opposed Motion for a Stay of Execution on April 8, 2019. (Docket Entry No. 77).[4] The motion argues that "[w]hile the preliminary review of Mr. Johnson's case establishes that potentially meritorious claims still exist, more time to investigate and develop these issues is required to provide Mr. Johnson with meaningful, conflict-free representation." (Docket Entry No. 77 at 4). The motion argues that this Court possesses statutory authority to stay the execution. (Docket Entry No. 77 at 4-6).

Respondent has filed responses to each of the pending motions. With respect to the pending motion for a stay of execution, Respondent filed a response on April 22, 2019, arguing that this Court lacks jurisdiction to enter a stay. (Docket Entry No. 81 at 8-21). Alternatively, Respondent

---

[4] Mr. McCann indicates that he would have joined in the motion for a stay, had he been consulted about it.

5

contends that Johnson has not shown entitlement to a stay. (Docket Entry No. 81 at 21-37). Mr. Schepers filed a reply to Respondent's papers on April 24, 2019. (Docket Entry No. 82).

For the reasons discussed below, the Court will stay Johnson's execution. The question of whether to terminate Mr. McCann's appointment, however, requires additional exploration and development.

**III.  Stay of Execution**

A prisoner condemned to death, however imminent that death may be, has no automatic entitlement to a stay of execution. *See McFarland v. Scott*, 512 U.S. 849, 858 (1994). "A stay of execution is an equitable remedy that is not available as a matter of right." *Wood v. Collier*, 836 F.3d 534, 538 (5th Cir. 2016). In deciding whether to issue a stay of execution, federal cases generally consider two different standards. First, the Supreme Court in *McFarland v. Scott*, 512 U.S. 849, 858 (1994) "has instructed federal courts to grant a stay" when an inmate has "insufficient time to meaningfully exercise [his right to counsel] because of an impending execution . . . ." *Charles v. Stephens*, 612 F. App'x 214, 222 (5th Cir. 2015). Second, the Supreme Court in *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) outlined four factors that courts use in deciding whether to stay an execution: "(1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest." *In re Campbell*, 750 F.3d 523, 534 (5th Cir. 2014) (quotation omitted). The Fifth Circuit has not decided which standard governs whether to stay an execution. *See Battaglia v. Stephens*, 824 F.3d 470, 475 (5th Cir. 2016); *Charles*, 612 F. App'x at

6

222.[5]

Respondent argues that this Court lacks jurisdiction to issue a stay because no federal habeas petition is currently pending. A federal court has jurisdiction under 28 U.S.C. § 2251 to enter a stay of execution after an inmate moves for the appointment of counsel. *See Battaglia v. Stephens*, 824 F.3d 470, 475 (5th Cir. 2016); *Charles*, 612 F. App'x at 219. While section 2251(a)(1) specifies that a court may issue a stay only when "a habeas corpus is pending," and section 2251(a)(2) clarifies that "a habeas corpus proceeding is not pending until the application is filed," section 2251(a)(3) allows for a ninety-day stay to issue after the appointment of counsel:

> If a State prisoner sentenced to death applies for appointment of counsel pursuant to section 3599(a)(2) of title 18 in a court that would have jurisdiction to entertain a habeas corpus application regarding that sentence, that court may stay execution of the sentence of death, but such stay shall terminate not later than 90 days after counsel is appointed or the application for appointment of counsel is withdrawn or denied.

28 U.S.C. § 2251(a)(3).

The Court appointed supplemental counsel on February 5, 2019. Section 2251(a)(3) then

---

[5] In earlier cases, the Fifth Circuit held that "[t]he power to issue a stay of execution comes from [28 U.S.C.] § 2251," and thus when considering a stay "the question is whether there is a pending or potential habeas corpus proceeding before the court." *Rosales v. Quarterman*, 565 F.3d 308, 311 (5th Cir. 2009) (citing *Teague v. Johnson*, 151 F.3d 291 (5th Cir. 1998) ("[O]nce the appellate mandate issues, a habeas petition is no longer pending before the court of appeals, and we have no jurisdiction to stay proceedings under § 2251."); *see also Howard v. Dretke*, 157 F. App'x 667, 670-72 (5th Cir. 2005); *Williams v. Cain*, 143 F.3d 949, 950 (5th Cir. 1998). In recent cases, however, the Fifth Circuit found that a district court has power to grant a stay after counsel is appointed and that jurisdiction to do so continues even when an active habeas petition is not pending. *See Ramirez v. Davis*, 675 F. App'x 478, 479 (5th Cir. 2017); *Battaglia*, 824 F.3d at 475; *Charles*, 612 F. App'x at 218; *see also Ryan v. Gonzales*, 568 U.S. 57, 70-71 (2013) ("[A] district court may stay a capital prisoner's execution once the prisoner has invoked his statutory right to counsel."). For example, in *Ramirez* the district court entered a stay after substituting counsel only days before a scheduled execution. *Ramirez v. Davis*, No. 2:12-cv-00410 (S.D. Tex. Jan. 31, 2017). The Fifth Circuit affirmed the lower court in a brief order and stated that "the district court did not lack jurisdiction under these circumstances to grant the stay." *Ramirez*, 675 F. App'x at 479.

allowed for a stay of execution until May 6, 2019. *See Jennings v. Davis*, ___ F. App'x ___, 2019 WL 384943, at *2 (5th Cir. Jan. 28, 2019) ("granting a stay based upon the appointment of counsel in the district court is limited to 90 days").[6] Section 2251(a)(3) does not mandate an automatic stay, but leaves the exercise of stay jurisdiction to the sound discretion of a federal court. That section apparently allows for a stay without relying on the *McFarland* or *Nken* standards. *See Gutierrez v. Davis*, No. 18-70028 (5th Cir. Sept. 10, 2018) (affirming a stay under section 2251(a)(3) without considering additional standards).

The circumstances suggest a stay would be appropriate in this case. The Court appointed supplemental counsel only a short time before Johnson's execution date. Recent pleadings have identified several previously undeveloped issues for which *Martinez* may provide a vehicle for federal consideration of their merits. The limited time since the appointment of counsel has not provided a full opportunity for litigating undeveloped issues. The recent pleadings also reveal troubling concerns about Johnson's current appointed legal representation which need resolution to preserve his rights before execution. The short time remaining does not provide a sufficient opportunity to resolve concerns about his representation. The Court finds that concerns about the relationship between Johnson's appointed attorneys, the need for additional time for the development of habeas claims that may be available under *Martinez*, and the overarching guarantee of effective

---

[6] Respondent argues that section 2251(a)(3) only applies to the appointment of "new counsel," not co-counsel or supplemental counsel. (Docket Entry No. 81 at 24). The statute only specifies that it governs when an inmate "applies for the appointment of counsel pursuant to section 3599(a)(3) of title 18 . . . ." 28 U.S.C. § 2251(a)(3). Section 3599(a)(3), however, authorizes the "appointment of one or more attorneys," suggesting that the appointment of co-counsel may trigger the availability of a stay under section 2251(a)(3). Given the discrete circumstances of this case, and particularly co-counsel's argument that lead counsel's representation was ineffective because of conflict, the Court finds that section 2251(a)(3) provides jurisdiction to stay Johnson's execution for ninety days from the appointment of conflict-free co-counsel.

legal representation suggest that a stay of execution be appropriate under the instant circumstances. Under the statutory authority of section 2251(a)(3), the Court will grant Johnson's motion for a stay of execution.

In addition to the statutory authority, the *McFarland* standard allows for a stay to make the right to counsel "effective," *Battaglia*, 824 F.3d at 475, signifying that the guarantee of legal representation cannot be meaningfully realized without a stay. *See McFarland*, 512 U.S. at 858-59. For the reasons discussed above, the Court finds that a stay of execution is necessary to preserve Johnson's right to meaningful and effective legal representation.

Under the *Nken* standard, the Court finds that: (1) because supplemental counsel has had little time to investigate potential issues, and conflict has apparently compromised Johnson's legal representation, it would be premature to decide whether Johnson may succeed in any future grounds for relief; (2) the possibility of irreparable injury weighs heavily in Johnson's favor; (3) the State of Texas has a definite right to enforce its judgment; but (4) the public interest also lies in legal proceedings that honor and preserve an individual's inherent rights. Giving heavy consideration to the promise of meaningful legal representation, the Court finds that Johnson is entitled to a stay of execution.

By separate order, the Court will schedule a hearing to address the concerns raised in the motion to terminate Mr. McCann's appointed legal representation and the pending request to file funding requests *ex parte*.

## IV. Conclusion

The Court **GRANTS** Johnson's motion (Docket Entry No. 77) and **STAYS** his execution for ninety days effective from the date of the appointment of co-counsel.

The Clerk will provide copies of this Order to the parties.

SIGNED on **APR 3 0 2019**, at Houston, Texas.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE