IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| **DEXTER DARNELL JOHNSON**, § | | |
| *Petitioner*, § | | |
| § | | |
| v.   § | CIVIL ACTION NO. 4:11-cv-02466 | |
| § | | |
| **LORIE DAVIS**, Director, § | **DEATH PENALTY CASE** | |
| Texas Department of Criminal § | | |
| Justice, Correctional Institutions § | | |
| Division, § | | |
| *Respondent*. § | | |

**OPPOSED MOTION FOR A STAY OF EXECUTION**

*Execution date set for August 15, 2019*

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Petitioner, DEXTER DARNELL JOHNSON, by and through undersigned counsel, the Office of the Federal Public Defender for the Northern District of Texas ("FPD"), and moves for a stay of execution. Mr. Johnson requests that this Court grant him a stay of execution pending this Court's consideration and disposition of his Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b), filed simultaneously with the instant motion. A stay is warranted for the reasons set forth below and those appearing in the 60(b) Motion. Mr. Johnson incorporates by this specific reference all facts and arguments from the 60(b) Motion.

In this Circuit, a motion for a stay of execution in this context is analyzed according to the following four factors, known as the *Nken* factors:

1

(1) whether the applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal citations and quotations omitted); *see also In re Campbell*, 750 F.3d 523, 534 (5th Cir. 2014) (applying *Nken* factors to motion for stay of execution). Mr. Johnson prevails under the *Nken* factors.

First, Mr. Johnson's timely filed Rule 60(b) motion sets forth a strong showing that he is likely to succeed on the merits. He has identified a defect in the integrity of his federal habeas proceedings, specifically that his court-appointed attorney, Patrick McCann, served as both his state and federal habeas counsel. Under binding Fifth Circuit precedent, this was a defect in the integrity of the proceeding; such an assertion therefore properly supports a motion for relief from judgment pursuant to Rule 60(b)(6). *Clark v. Davis*, 850 F.3d 770, 779-80 (5th Cir. 2017).

Mr. Johnson's case also displays numerous extraordinary circumstances beyond the unmistakable conflict of interest that constitutes a defect in the integrity of the proceedings. Shortly after the decision in *Trevino v. Thaler*, 569 U.S. 413 (2013), Mr. McCann filed a motion in federal court in another case in which he served as state habeas counsel, stating that "the undersigned counsel believes it is his ethical duty to seek appointment of <u>separate</u> counsel" and that he believed that "he <u>cannot</u>

ethically go forward on this matter" as counsel in federal court in light of *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino*. Ex. 1 at 1 (*Martinez v. Stephens*, No. 4:13-cv-01994 (S.D. Tex. Jul. 9, 2013)) (emphasis in original). Yet, around the same time in Mr. Johnson's case, Mr. McCann was attempting to amend in claims that he had defaulted in state court and not raised in the federal petition by invoking *Martinez* and *Trevino* to excuse the default of those claims—*all the while defending the quality of his state habeas representation.* To the best of the FPD's knowledge, Mr. McCann is the *only* attorney that identified a claim that he defaulted in state habeas, nominally argued that the claim should be considered under *Martinez* and *Trevino*, and then provided the Court with numerous excuses for his failure to raise the claim in state habeas in direct contravention of his client's interests.

Violating numerous ethical requirements, Mr. McCann took these actions—and others chronicled within the motion—without appropriately consulting with Mr. Johnson regarding the conflict of interest. Later, once Mr. Johnson became aware of the conflict and requested conflict-free counsel, Mr. McCann *opposed* that request. DE 66. Mr. Johnson's Rule 60(b) Motion outlines other examples of extraordinary circumstances in his case and also explains why under the particularized facts and circumstances of his case it was timely filed.

Second, Mr. Johnson will be irreparably injured absent a stay. Texas is scheduled to execute Mr. Johnson by lethal injection after 6 p.m. on August 15, 2019. Without a stay, Mr. Johnson will die. That is the very definition of "irreparable injury."

3

The third and fourth factors also favor a stay. *See Nken*, 566 U.S. at 435. No third parties will be injured by a stay. The State of Texas, as the other party to the proceeding, shares Mr. Johnson's interest in maintaining constitutional integrity in capital proceedings. Finally, the public has a strong interest in ensuring fair criminal proceedings by preventing executions that violate constitutional rights, thereby preserving the integrity and legitimacy of federal decision-making. Thus, the public interest lies in granting Mr. Johnson's motion to stay his execution.

Mr. Johnson asks that the Court grant this motion, stay his execution, and grant any other relief that the Court may find just.

Respectfully submitted,

> JASON D. HAWKINS
> Federal Public Defender
>
> */s/ Jeremy Schepers*
> Jeremy Schepers (24084578)
> Supervisor, Capital Habeas Unit
> Office of the Federal Public Defender
> Northern District of Texas
> 525 S. Griffin St., Ste. 629
> Dallas, Texas 75202
> jeremy_schepers@fd.org
> (214) 767-2746
> (214) 767-2886 (fax)

4

**CERTIFICATE OF CONFERENCE**

I, Jeremy Schepers, hereby certify that on the 24th day of June, 2019, I conferenced this motion with Ellen Stewart-Klein of the Texas Attorney General's Office. She informed me that the Director opposes this motion.

*/s/ Jeremy Schepers*
_____
Jeremy Schepers

**CERTIFICATE OF SERVICE**

I, Jeremy Schepers, hereby certify that on the 24th day of June, 2019, a copy of the foregoing motion was delivered via ECF to the Texas Attorney General's Office, attention Ellen Stewart-Klein.

*/s/ Jeremy Schepers*
_____
Jeremy Schepers