United States District Court
Southern District of Texas
**ENTERED**
August 12, 2019
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DEXTER JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-2466 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Dexter Johnson has been on Texas death row since 2007.  On April 30, 2019, this Court stayed an earlier execution date because of concerns about Johnson's legal representation.  (Docket Entry No. 84).  The State of Texas subsequently set an execution date for August 15, 2019.  Johnson has now filed a Motion For Relief From Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6).  (Docket Entry No. 95).  Johnson also moves to stay his execution (Docket Entry No. 96).  Johnson bases both motions on *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013), cases allowing inmates to overcome the procedural bar of certain claims because of deficiencies in state habeas representation.

Respondent Lorie Davis opposes both pending motions.  (Docket Entry No. 97).  Johnson has filed a reply in support.  (Docket Entry No. 98).  Having considered the record, the pleadings, and the applicable law, the Court will deny both the motion for relief from judgment and the motion for a stay of execution.  The Court will not certify any issue for consideration by the Court of Appeals for the Fifth Circuit.

The Court will give the reasons for these rulings below.

## BACKGROUND

This Court has already outlined the history of Johnson's case.  (Docket Entry No. 84 at 1-4).  For the purposes of the matters now at issue, the Court will summarize the background of Johnson's legal representation.

## I.  State Habeas Review

On June 28, 2007, Johnson was sentenced to death for the murder of Maria "Sally" Aparece.  That same day, the trial court appointed Patrick F. McCann to represent Johnson in state habeas corpus proceedings.  McCann's legal representation in both state and federal court gives rise to the matters now before the Court.

McCann filed a state habeas application raising several issues.  During the course of state habeas review, however, McCann attempted to advance new claims through discovery and a request to amend the state habeas petition.  Specifically, McCann wanted to develop ineffective-assistance-of-counsel claims relating to the guilt/innocence phase of trial.  The state courts, however, did not allow for the insertion of new claims so late in the habeas process.

## II.  Initial Federal Habeas Proceedings

After the conclusion of state habeas review, Johnson filed a motion for the appointment of counsel in federal court on June 28, 2011.  (*Johnson v. Thaler*, 4:10-mc-318, Docket Entry No. 1).  At that time, federal courts frequently appointed an inmate's state habeas counsel with the understanding that an attorney's experience in state court would aid the preparation and litigation of a federal habeas petition.[1]  The Court appointed Mr. McCann as counsel of record on July 30,

---

[1]     Under the heading "Continuity of Representation," the CJA Guide to Judiciary Policy stated, and still states, that "in the interest of justice and judicial and fiscal economy, unless precluded by a conflict of interest, presiding judicial officers are urged to continue the appointment

2010.  (*Johnson v. Thaler*, 4:10-mc-318, Docket Entry No. 2).  The Court did not appoint any attorney to serve as co-counsel and Johnson did not request that another attorney assist McCann in the litigation.

Johnson filed a federal habeas petition raising eleven grounds for relief.  Johnson's federal petition did not raise any argument that trial counsel provided ineffective representation under *Strickland v. Washington*, 466 U.S. 668 (1984).

On December 28, 2012, nearly two years after filing his federal action, Johnson sought to raise two new claims.  Without providing extensive information about his proposed claims, Johnson summarily stated that his first putative claim would fault trial counsel for not "present[ing] any evidence whatsoever of [his psychological and biological mental] impairments during the guilt innocence of the trial" even though counsel had prepared such evidence for the punishment phase.  (Docket Entry No. 14 at 8).  Johnson asserted that his "long history of serious mental disability coupled with severe physical damage to [his] brain" would have allowed trial counsel to argue that he lacked the necessary intent to commit capital murder.  (Docket Entry No. 14 at 8).  Johnson's second proposed claim criticized appellate counsel for not challenging trial counsel's performance on that ground.  Johnson requested a stay of the proceedings to exhaust new claims in state court.  Alternatively, Johnson wanted to amend his federal petition.

During the pendency of the litigation, however, the Supreme Court issued two decisions that raised concerns about the continuity of representation by McCann.  In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court carved out a narrow equitable exception to federal procedural default

---

of state post-conviction counsel, if qualified . . . when the case enters the federal system."  6 Guide to Judiciary Policy § 620.70.

rules based on a state habeas attorney's legal representation.  *Martinez* held that a state habeas attorney's failure to raise certain claims may allow federal review which otherwise would have been procedurally barred.  In *Trevino v. Thaler*, 569 U.S. 413 (2013), the Supreme Court applied *Martinez* to cases rising from the Texas courts.  *Martinez* and *Trevino* involve "two different inquiries" conditioned on the existence of an underlying, procedurally defaulted *Strickland* claim: whether an "ineffective-assistance-of-trial-counsel claim is 'substantial'" and whether "state habeas counsel was ineffective for failing to bring it."  *Matthews v. Davis*, 665 F. App'x 315, 321 (5th Cir. 2016).

The relief provided by *Martinez* and *Trevino* was not immediately available to Johnson; his federal petition did not raise a procedurally barred ineffective-assistance claim.  Johnson's motion to abate, however, sought permission to litigate a *Strickland* claim in state court.  If the state court dismissed that claim on procedural grounds, the *Martinez/Trevino* issue could be a factor in the future.

At that point, the law had not developed any guidance on how to address a *Martinez* issue in an ongoing federal habeas action.[2]  The Court ordered the parties to provide supplemental briefing on the recent *Trevino* decision.  (Docket Entry No. 16).  Respondent argued that, notwithstanding the fact that *Trevino* may have created an opportunity to overcome the procedural bar of unexhausted claims, other significant procedural barriers stood in the way of full federal consideration of any new *Strickland* claims.  (Docket Entry No. 17).  McCann answered that he

---

[2]     Subsequent circuit cases have encouraged the appointment of supplemental counsel or other remedial steps to give *Martinez* effect in active federal habeas cases.  *See Speer v. Stephens*, 781 F.3d 784 (5th Cir. 2015); *Mendoza v. Stephens*, 783 F.3d 203 (5th Cir. 2015).  The law before the Court entered judgment, however, did not require the substitution of counsel.  To date, no Supreme Court or Fifth Circuit case law has required a federal court to *sua sponte* remove federal counsel because of *Martinez*.

"admits that he was remiss in not filing the new claims of ineffective assistance of counsel" and argued that *Martinez* and *Trevino* would allow him to overcome any procedural bar because the state courts prevented him from developing a *Strickland* claim.  McCann did not ask for the substitution of counsel in order to give *Martinez* effect.[3]

In an August 19, 2013, Memorandum Opinion and Order the Court denied the motion to abate.  In doing so, the Court discussed three reasons for which Johnson had not shown "good cause" for abatement under *Rhines v. Weber*, 544 U.S. 269, 275 (2005): (1) Johnson sought leave to develop new *Strickland* claims late in the federal habeas process; (2) Johnson knew the factual basis for the claims earlier and easily could have raised them on state habeas review; and (3) Johnson had not shown that a state avenue of relief was open for the proposed claims.  Alternatively, the Court found that various procedural problems stood in the way of litigating a new *Strickland* claim: (1) amending Johnson's petition at that late date would insert needless delay into the habeas process; (2) "high procedural obstructions to federal habeas review and relief" such as the one-year limitations period and procedural bar doctrines, and (3) Johnson had not provided sufficient details about his proposed claims.  Specifically, the Court observed:

> Johnson provides scant information about the claims he wishes to advance.  Johnson has not pointed to what lay or expert testimony of a mental disease or defect would directly rebut the particular mens rea necessary for capital murder.  He has not marshaled the evidence to show how mental defects would measurably alter the jury's consideration of his intent in the robbery and murder of the victims.  Without a stronger foundation, the Court has no reasonable basis to assess whether trial counsel should have focused his efforts on that theory, much less whether Johnson should have raised the issue at earlier post-conviction stages.  In other words, Johnson has not sufficiently shown that the denial of amendment at this stage would compromise his rights.

---

[3]        Around the same time, however, McCann requested the appointment of supplemental counsel in another case because of *Trevino*.  *Martinez v. Stephens*, No. 4:13-cv-01994 (S.D. Tex).

(Docket Entry No. 19 at 14-15).

The August 19, 2013, Memorandum Opinion and Order also denied habeas relief on most of Johnson's federal habeas claims. (Docket Entry No. 19). The Court, however, found that one claim needed additional development.[4] After receiving briefing, the Court ultimately denied habeas relief. (Docket Entry No. 31). The Court, however, granted a Certificate of Appealability (COA) on the remaining claim. (Docket Entry No. 31 at 12-13).

Johnson appealed. Among other issues, Johnson sought a COA on the denial of his motion to abate or amend his federal petition in light of *Martinez*. The Fifth Circuit ultimately affirmed the denial of habeas relief, *Johnson v. Stephens*, 617 F. App'x 293 (5th Cir. 2015), and the United States Supreme Court denied a petition for a writ of certiorari, *Johnson v. Stephens*, 136 S. Ct. 980 (2016).

## III.   2017 Post-Judgment motion

In 2017, McCann filed a motion for a new trial under Rules 59(e) and 60(b) ("2017 Motion"). (Docket Entry No. 41).[5] Johnson's post-judgment motion asked the Court to reconsider the issues raised in his federal petition, along with the two claims he sought to raise in his motion to abate or amend. The 2017 Motion asserted that the Court had retained jurisdiction over his case through the denial of his habeas claims in two separate orders. The 2017 Motion specifically argued that the Court had erred by not allowing Johnson to amend his habeas petition to include allegations of ineffective representation.

The Court denied the 2017 Motion (Docket Entry No. 49) and a subsequent motion for

---

[4]      Before the Court could adjudicate the remaining claim, McCann litigated an interlocutory appeal. (*Johnson v. Stephens*, 13-70032).

[5]      Johnson's recent pleadings do not mention his earlier Rule 60(b) motion.

reconsideration (Docket Entry No. 50). Among other holdings, the Court found that Johnson's 2017

Motion was, "in effect, a new habeas petition." (Docket Entry No. 49 at 3).

The Fifth Circuit affirmed. *Johnson v. Davis*, 746 F. App'x 375 (5th Cir. 2018). The

Supreme Court denied a petition for a writ of certiorari. *Johnson v. Davis*, 139 S. Ct. 1375 (2019).

## IV. Stay of Execution

On December 6, 2018, the State of Texas set Johnson's execution for May 2, 2019. Soon

thereafter, Johnson wrote letters to the Court complaining about McCann's appointed legal

representation. (Docket Entry Nos. 65, 68). On February 7, 2019, the Court entered an Order

addressing Johnson's concerns. Recognizing that "[a] court may only substitute counsel when in

the 'interests of justice,'" the Court observed that Mr. McCann "has litigated this case for many

years through several different legal challenges." (Docket Entry No.70 at 1) (quoting *Martel v.

Clair*, 565 U.S. 648, 659-60 (2012)). Concerned that it would not be "wise to set aside Mr.

McCann's experience with this case so near the execution date," the Court did not remove McCann

as lead counsel. (Docket Entry No. 70 at 2).

The Court, however, recognized that section 3599(a)(2) allowed for the appointment of "one

or more attorneys." Accordingly, the Court appointed Jeremy Schepers of the Office of the Federal

Defender, Northern District of Texas as co-counsel. The Court set out Schepers' responsibilities:

> The Court anticipates that co-counsel will make a thorough, and independent,
> assessment of whether unpresented claims remain. Specifically, co-counsel will
> explore whether Johnson can establish cause for the procedural default of any
> ineffective-assistance-of-trial-counsel claims pursuant to *Martinez*, whether those
> claims merit relief, and whether a viable vehicle exists for raising those claims in
> federal court.

(Docket Entry No. 70 at 3). In doing so, the Court followed the Fifth Circuit's suggestion in similar

cases that the appointment of supplemental counsel would allow for "determining whether [an

7

inmate] has additional habeas claims that ought to have been brought" while maintaining "the rich resource of the counsel who has been through the state habeas process and who has prosecuted the federal habeas action." *Speer v. Stephens*, 781 F.3d 784, 786 (5th Cir. 2015); *see also Mendoza v. Stephens*, 783 F.3d 203 (5th Cir. 2015) (remanding for the appointment of supplemental counsel).

As the execution date approached, it appears that both sets of attorneys did not work as a team. On one hand, McCann developed claims to litigate in state court. McCann secured a report from a mental health expert opining that Johnson suffered from intellectual disability.[6] McCann unsuccessfully attempted to litigate a claim that Johnson's intellectual disability excludes him from execution under *Atkins v. Virginia*, 536 U.S. 304 (2002). *Ex parte Johnson*, 2019 WL 1915204, at *1 (Tex. Crim. App. 2019). McCann also filed a federal motion to proceed *ex parte* in a request for funds to develop an *Atkins* claim. (Docket Entry No. 75).

Johnson's current attorneys, on the other hand, moved to stay the execution date based on the continuity of McCann's appointment in federal and state court. Johnson's current attorneys also moved to terminate McCann's appointment. (Docket Entry Nos. 76, 77). Johnson's current attorneys discussed possible areas needing investigation, but did not press for the adjudication of any actionable ground for federal relief. Instead, Johnson's current attorneys argued that they needed more time for investigation.

With four days remaining, this Court stayed Johnson's execution date under 28 U.S.C. § 2251(a)(3). (Docket Entry No. 84). Section 2251(a)(3) gives a federal court broad discretion to stay a case for "90 days after counsel is appointed." The Court specifically stayed the execution

---

[6] While the record does not contain information relating to that action, McCann or another attorney apparently also sought clemency on Johnson's behalf.

because of the short time since supplemental counsel's appointment and because of concerns about the relationship between his attorneys.  Respondent did not appeal this Court's entry of a stay.

The Court ordered a hearing to resolve the concerns about Johnson's legal representation. (Docket Entry No. 84).  McCann later voluntarily withdrew from the case, removing the earlier concerns about the relationship between his attorneys.  (Docket Entry No. 89).

## V.    Johnson's Second Post-Judgment Motion

The State of Texas set an execution date of August 15, 2019.  On June 24, 2019, Johnson filed a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b).  (Docket Entry No. 95).  Johnson also filed a Motion to Stay Execution.  (Docket Entry No. 96).  Johnson's second post-judgment motion does not raise any new claim or challenge the adjudication of the merits of his original petition.  Instead, Johnson claims that the continuity of McCann's appointment in state and federal court is an extraordinary circumstance requiring the reopening of the judgment in this case.

Johnson hinges his motion on conflict introduced by the *Martinez* and *Trevino* decisions, but broadens his argument into general allegations of inept lawyering.  Johnson argues that McCann "failed to fulfill even the most rudimentary of his professional obligations, such as maintaining a complete case file, conducting extra-record investigations into the constitutionality of the judgment against Mr. Johnson, familiarizing himself with the relevant rules of habeas corpus, and maintaining regular communications with his client."  (Docket Entry No. 95 at 7-8).[7]  In particular, Johnson faults McCann for not recognizing the potential conflict caused by his representation, and the

---

[7]    McCann disputed these allegations in a sealed letter earlier in the litigation.  (Docket Entry Nos. 78, 83).

9

concomitant possibility that *Martinez* would thus allow for consideration of some claims.  Also, Johnson criticizes the Court for not removing McCann *sua sponte* after the Supreme Court issued *Martinez*.

With that background, Johnson argues that McCann's representation amounts to a defect in the federal habeas proceedings that requires reopening the judgment under Rule 60(b) of the Federal Rules of Civil Procedure.  Johnson asserts that it "would be appropriate to reopen Mr. Johnson's federal habeas proceedings and permit him to file an amended habeas petition with the benefit of conflict free counsel."  (Docket Entry No. 95 at 27).

Respondent has filed an opposition.  (Docket Entry No. 97).  Respondent argues that Johnson cannot show extraordinary circumstances that require reopening the judgment in this case. Respondent emphasizes that lapses or omissions in habeas counsel's representation do not typically constitute a defect in the proceedings that is extraordinary.  Particularly, Respondent argues that McCann did not labor under a conflict of interest and that he zealously represented Johnson. Procedurally, Respondent contends that Rule 60(b) relief is improper because Johnson did not file in a timely manner and because various procedural defects foreclose relief.

## ANALYSIS

This is the second post-judgment motion filed by Johnson.  Like Johnson's 2017 Motion, the current Rule 60(b) motion asks the Court to reopen judgment to allow the amendment of pleadings. The gravamen of Johnson's current motion is that McCann's legal representation was so deficient that it resulted in a form of structural error requiring the Court to restart the habeas process.  The current motion does not raise any new claims or challenge the adjudication of any issues from the original  petition.  Instead, Johnson's reply identifies four "claims meriting further investigation,"

including a record-based *Strickland* claim.  (Docket No. 98 at 25-26).

At its heart, Johnson's arguments require the Court to address the nature of relief available under Rule 60(b) and the breadth of the *Martinez* decision.

## I.        Rule 60(b) Standard

Johnson argues that the conflict of interest created by McCann's legal representation, and serious deficiencies in the legal services he provided, provides grounds for Rule 60(b) relief.  Rule 60(b) allows for relief from judgment under six enumerated circumstances.  Johnson specifically moved for relief from judgment under Rule 60(b)(6), known as the "catchall provision."  *Solis v. Dretke*, 436 F. App'x 303, 306 (5th Cir. 2011).  Rule 60(b)(6) strikes a balance "between the desideratum of finality and the demands of justice."  *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981).  Rule 60(b)(6) motions "will be granted only if *extraordinary circumstances* are present."  *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (emphasis added); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).  "Such circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

The Fifth Circuit "has articulated a number of equitable factors relevant to the Rule 60(b) inquiry" which serve "as a guide in evaluating the strength of a motion":

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Haynes v. Davis*, 733 F. App'x 766, 767 (5th Cir. 2018) (quotation omitted).  Other relevant considerations include "wide range of factors" such as "'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'"  *Buck v. Davis*, ___ U.S.___, 137 S. Ct. 759, 778 (2017) (quoting *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988).  In such cases, however, the Fifth Circuit has "cautioned that in the context of habeas law, comity and federalism elevate the concerns of finality, rendering the 60(b)(6) bar even more daunting."  *Raby v. Davis*, 907 F.3d 880, 885 (5th Cir. 2018) (quotation omitted); *see also Haynes*, 733 F. App'x at  769.

## II.     Rule 60(b) and AEDPA's Successiveness Provisions

As a preliminary matter, the Court must decide whether Johnson has filed a true Rule 60(b) motion or whether he has, in effect, filed a successive federal habeas petition.  The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") precludes successive habeas proceedings without prior circuit authorization.  *See* 28 U.S.C. § 2244(b).  "Because of the comparative leniency of Rule 60(b), petitioners sometimes attempt to file what are in fact second-or-successive habeas applications under the guise of Rule 60(b) motions."  *In re Edwards*, 865 F.3d 197, 203 (5th Cir. 2017).  Recent cases have extensively explored when a post-judgment motion is, in reality, a successive habeas petition. The Fifth Circuit has outlined how to characterize a post-judgment motion:

> [T]here are two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination."  *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005).  .  .  .  By contrast, a motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits" is the "functional equivalent of [an] unauthorized successive § 2254 petition[ ]," so the applicant must comply with § 2244(b) before the district court can review the motion. *Id.* (quoting *Gonzalez*, 545 U.S. at 532, 125 S. Ct. 2641).

*Ramirez v. Davis*, ___ F. App'x ___, 2019 WL 2622147, at *3 (5th Cir. 2019).

Here, Johnson's motion does not raise any new claims, nor does it attack the resolution of the claims in his original petition. Instead, Johnson's motion argues that McCann's representation caused a conflict that requires restarting the habeas process. A Rule 60(b) motion based on habeas counsel's conflict of interest is an attack on the integrity of the proceedings. *See Clark v. Davis*, 850 F.3d 770, 779-80 (5th Cir. 2017).[8] Johnson's post-judgment motion falls under Rule 60(b).

## III.    Application of Rule 60(b) to the Circumstances Before the Court

To reopen judgment via Rule 60(b)(6), a movant must clear two hurdles. First, "[a] motion under Rule 60(b)(6) must be made within a reasonable time, unless good cause can be shown for the delay" *Clark*, 850 F.3d at 780 (quotation and footnotes omitted). Second, "relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck*, 137 S. Ct. at 777 (quoting *Gonzalez*, 545 U.S. at 533).

### A.    Timeliness

Respondent argues that Johnson did not file his second Rule 60(b) motion in a timely manner. The federal rules do "not provide a fixed time limit for filing a Rule 60(b)(6) motion" but instead "prescribe[] a reasonableness standard, which requires the court to consider the particular

---

[8]    The Court observes, however, that Johnson's motion "evidence[] an intent to eventually raise new claims." *Gamboa v. Davis*, 2019 WL 3521671(5th Cir. Aug. 1, 2019). The Fifth Circuit has held that Rule 60(b) motions arguing attorney abandonment that would ultimately add new claims into the proceedings are actually successive petitions. *See In re Edwards*, 865 F.3d 197, 204-05 (5th Cir. 2017). Motions based on conflict that attack the integrity of the proceedings, however, are true Rule 60(b) motions. *See Clark*, 850 F.3d at 780. One judge on the Fifth Circuit has recognized inconsistency in Fifth Circuit precedent dealing with Rule 60(b) motions based on conflict and those based on abandonment. *See Gamboa v. Davis*, 2019 WL 3521671 (5th Cir. Aug. 1, 2019) (Dennis, J., concurring specially). This Court, however, must follow *Clark* which held that a Rule 60(b) asserting a conflict of interests attacks a defect in the proceedings.

facts and circumstances of the case." *Ramirez*, ___ F. App'x at ___, 2019 WL 2622147 at *5 (quotation omitted). Johnson's current attorneys filed the pending motion approximately six months after their appointment and shortly after McCann's removal. Respondent moved for the scheduling order that resulted in Johnson filing his Rule 60(b) motion, suggesting that any delay caused by its filing was not prejudicial under Rule 60(c)(1). *See id.* at *6. The Court finds that Johnson's second Rule 60(b) was timely.

### B.      Extraordinary Circumstances

The Court may only reopen the judgment in this case under Rule 60(b) if Johnson shows extraordinary circumstances. Johnson "seeks relief from judgment because he was represented by an attorney laboring under a conflict of interest and whose representation was in other ways inconsistent with the dictates of 18 U.S.C. § 3599." (Docket Entry No. 95).[9] General complaints about a continuity in legal representation may require the substitution of counsel. *See Speer*, 781 F.3d at 786; *Mendoza*, 783 F.3d at 203. This Court has already once stayed Johnson's execution because of concerns about his legal representation, resulting in the substitution of counsel. The Court must decide whether Johnson's complaints about a conflict of interest require reopening the judgment.

Johnson argues that the circumstances of this case are extraordinary because of various factors, primarily all based on deficiencies in McCann's federal representation caused when "*Martinez* and *Trevino* created a conflict of interest between Mr. McCann and Mr. Johnson."

---

[9]      The Supreme Court has held that attorney abandonment may constitute the kind of extraordinary circumstance that justifies relief from judgment. *See Maples v. Thomas*, 565 U.S. 266, 272 (2012); *Holland v. Florida*, 560 U.S. 631, 648-50 (2010). Johnson does not argue that McCann abandoned his role as federal habeas counsel, just that he performed it ineptly.

14

(Docket Entry No. 98 at 2).  As a general premise, Johnson's Rule 60(b) motion is correct: McCann's representation created a "potential conflict of interest." *Ramirez*, ___ F. App'x ___, 2019 WL 2622147, at *6; *see also Gamboa, v. Davis*, 2019 WL 3521671 (5th Cir. Aug. 1, 2019) ("[A] conflict of interest arises when a petitioner has meritorious but procedurally defaulted claim that his trial counsel was ineffective, but is represented by federal habeas counsel who also served as the petitioner's state habeas counsel."). That conflict, however, is defined by *Martinez* and *Trevino* that only created a "narrow" and "highly circumscribed" exception to the procedural default doctrine which is available only in "limited circumstances." *Davila v. Davis*, ___ U.S.___, 137 S.Ct. 2058, 2065-66 (2017). Those cases "merely allow[] a federal court to consider the merits of [an ineffective-assistance-of-trial-counsel claim] that otherwise would have been procedurally defaulted." *Martinez*, 566 U.S. at 17; *see also Gates v. Davis*, 660 F. App'x 270, 272 (5th Cir. 2016) ("A finding that *Martinez* applies allows federal district court merits review of claims that are otherwise procedurally defaulted.").[10]

Any conflict created by McCann's appointment stems from *Martinez* and *Trevino*. The Fifth Circuit has held that those cases are "simply a change in decisional law" and "not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)." *Edwards*, 865 F.3d at 208; *Pruett v. Stephens*, 608 F. App'x 182, 185 (5th Cir. 2015); *Hall v. Stephens*, 579 F. App'x 282, 283 (5th Cir. 2014); *In re Paredes*, 587 F. App'x 805, 825 (5th Cir. 2014); *Diaz v. Stephens*, 731 F.3d

---

[10]     *Martinez* only provides that "ineffective assistance by a prisoner's state postconviction counsel [can serve] as cause to overcome the default of a single claim – ineffective assistance of trial counsel – in a single context – where the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal." *Davila v. Davis*, 137 S.Ct. 2058, 2062–63 (2017).  "*Martinez* and *Trevino* did not create a new right to conflict-free counsel on collateral review." *Beatty v. Davis*, 755 F. App'x 343, 349 (5th Cir 2018).

370, 375-76 (5th Cir. 2013); *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012); *Hernandez v. Thaler*, 630 F.3d 420, 430 (5th Cir. 2011). The Fifth Circuit has repeatedly ruled that "the change in decisional law effectuated by *Martinez* and *Trevino* is insufficient, on its own, to demonstrate 'extraordinary circumstances.'" *Haynes*, 733 F. App'x at 769.

Recently, the Supreme Court in *Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 779 (2017), found that *Martinez*, along with other factors, amounted to "extraordinary circumstances." After *Buck*, the change in law from *Martinez* is just one element in "[t]he balance of . . . equitable factors" a court must consider in the Rule 60(b) context. *Haynes*, 733 F. App'x at 769; *see also Raby*, 907 F.3d at 884 (finding that *Martinez* alone "does not constitute [extraordinary] circumstances and is not alone grounds for relief from a final judgment").[11] Still, for an inmate to succeed on his Rule 60(b) motion based on counsel's alleged conflict he must show that "conflict-free counsel could have asserted a meritorious [*Martinez/Trevino*] claim or, for that matter, that [the inmate] could now assert a meritorious [*Martinez/Trevino*] claim if his case were reopened with conflict-free counsel." *Ramirez*, ___ F. App'x at ___, 2019 WL 2622147, at *6; *see also Jennings v. Davis*, 760 F. App'x 319, 324 (5th Cir. 2019) (finding that "a procedural default that otherwise would bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial" is "the prerequisite for applying *Trevino*"); *Beatty v. Davis*, 755 F. App'x 343, 349 (5th Cir 2018) (finding that *Martinez* and *Trevino* did not create a new right to conflict-free counsel on collateral review; they provide only remedial relief to procedural bars standing in the way of presenting defaulted claims in federal courts.).

---

[11]     To the extent the Supreme Court found extraordinary circumstances on a *Martinez* issue in *Buck,* the Court focused on the egregious nature of the defaulted claim, not the circumstances that led to the default. *See Buck*, 137 S. Ct. at 778.

Insofar as Johnson bases his Rule 60(b) motion on *Martinez* and *Trevino*, he argues that McCann was ineffective and "failed to discover or meaningfully pursue significant claims for relief." (Docket Entry No. 95 at 2).[12] Johnson's Rule 60(b) motion, however, does not describe what ineffective-assistance-of-trial counsel claims conflict-free habeas counsel would have raised.  The Court appointed Johnson's current attorneys on February 5, 2019, and gave them a charge to "explore whether Johnson can establish case for the procedural default of any ineffective-assistance-of-trial-counsel claims pursuant to *Martinez*, whether those claims merit relief, and whether a viable vehicle exists for raising those claims in federal court." (Docket Entry No. 70 at 2).  The pleadings before the Court suggest that his current attorneys have focused their efforts on challenging McCann's legal representation without pursuing any viable, or previously defaulted, *Strickland* claim.

In his reply to Respondent's opposition, Johnson identifies a record-based *Strickland* claim which he says "merit[s] further investigation" : "trial counsel was ineffective for failing to preserve error when the State misstated the law during closing arguments by claiming mitigating evidence must be connected to the crime . . . ." (Docket Entry No. 98 at 25-26).  Johnson, however, does not make any citation to the record or legal argument regarding this claim.  Johnson has not provided any basis to decide whether McCann's failure to advance that claim was error under *Martinez*: he does not show the *Strickland* claim is substantial and that McCann was ineffective for not advancing it.  Despite this Court's charge to his current attorneys to scour the record for such claims,  Johnson

---

[12]      Johnson does not explicitly argue that he would amend his habeas petition to include the *Strickland* claim that McCann wished to advance earlier in this litigation.  The Court denied leave to amend for several reasons, both procedural and substantive.  (Docket Entry No. 19 at 13-15).

does not meet "the prerequisite for applying [*Martinez* and] *Trevino*," by identifying "a procedural default that otherwise would bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial." *Jennings*, 760 F. App'x at 324(quotation omitted).[13]

Johnson broadens his allegations of the conflict anticipated by *Martinez* and *Trevino* into wholesale criticism of McCann's legal representation. Johnson bases much of his Rule 60(b) motion on arguing that McCann "acted in that conflict in a manner that protected his own interests at the expense of Johnson's interests." (Docket Entry No. 98 at 5). Johnson complains that the *Martinez* conflict caused McCann to engage in various activities that did not benefit the defense, such as failing to obtain the records of his prior attorneys, litigating a successive state habeas action, and opposing the substitution of counsel. While Johnson cites these circumstances as a species of conflict, in reality he describes deficient performance on McCann's behalf. The law does not favor reopening judgment based on deficiencies in an attorney's representation. *See Gonzalez*, 545 U.S. at 532 n.5 ("[A]n attack based on . . . his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings . . . ."). AEDPA clearly states that: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).[14] Allegations about an attorney's performance before judgment involve questions of negligence which are

---

[13]     The record suggests that, in the time since their appointment for that purpose and the earlier stay of execution, his current attorneys have not focused on developing any *Strickland* claim for which *Martinez* and *Trevino* would provide a gateway to adjudication.

[14]     As one court has noted, "[i]f conflict-prompted stumbles by federal habeas lawyers are extraordinary circumstances that satisfy Rule 60(b)(6), then *Buck* has silently invalidated AEDPA's bar against ineffectiveness claims about those lawyers. 28 U.S.C. § 2254(i)." *Lee v. Kelley*, 2017 WL 1437961, at *2 (E.D. Ark. 2017)

insufficient for Rule 60(b) relief.  In that regard, the circumstances before the Court "are no more unique or extraordinary than any other capital inmate who defaulted claims in state court prior to [*Martinez* or] *Trevino*."  *Beatty*, 755 F. App'x at 349.

For those reasons, the Court will deny Johnson's Rule 60(b) motion.

## MOTION TO STAY EXECUTION

Johnson moves for a stay of his execution date.  A federal court has inherent discretion when deciding whether to stay an execution.  *See Nken v. Holder*, 556 U.S. 418, 434 (2009); 28 U.S.C. § 2251(a)(1).[15]  In deciding whether to issue a stay of execution, a court must consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other party interested in the proceeding; and (4) where the public interest lies.  *See Nken*, 556 U.S. at 425-26.

"In a capital case, the possibility of irreparable injury weighs heavily in the movant's favor." *O'Bryan v. Estelle*, 691 F.2d 706, 708 (5th Cir. 1982).  But the United States Supreme Court has

---

[15]    Respondent argues that this Court lacks jurisdiction to stay Johnson's execution. Respondent relies on earlier cases in which the Fifth Circuit held that "[t]he power to issue a stay of execution comes from [28 U.S.C.] § 2251," and thus when considering a stay "the question is whether there is a pending or potential habeas corpus proceeding before the court." *Rosales v. Quarterman*, 565 F.3d 308, 311 (5th Cir. 2009) (citing *Teague v. Johnson*, 151 F.3d 291 (5th Cir. 1998) ("[O]nce the appellate mandate issues, a habeas petition is no longer pending before the court of appeals, and we have no jurisdiction to stay proceedings under § 2251.")).  In more recent cases, however, the Fifth Circuit found that a district court has power to grant a stay after counsel is appointed and that jurisdiction continues even when an active habeas petition is not pending. *See Ramirez v. Davis*, 675 F. App'x 478, 479 (5th Cir. 2017); *Battaglia v. Stephens*, 824 F.3d 470, 475 (5th Cir. 2016); *Charles v. Stephens*, 612 F. App'x 214, 218 (5th Cir. 2015); *see also Ryan v. Gonzales*, 568 U.S. 57, 70-71 (2013) ("[A] district court may stay a capital prisoner's execution once the prisoner has invoked his statutory right to counsel.").  Following the Fifth Circuit's more-recent approach, the Court finds that it has jurisdiction to consider Johnson's request for a stay.

ruled that an applicant is not entitled to a stay "[as] a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken*, 556 U.S. at 427 (internal quotation marks omitted). The death penalty is irreversible, but there must come a time when the legal issues "have been sufficiently litigated and re-litigated so that the law must be allowed to run its course." *O'Bryan*, 691 F.2d at 708 (quoting *Evans v. Bennett*, 440 U.S. 1301, 1306 (1979)). Though the movant in a capital case "need not always show a probability of success on the merits, he must present a substantial case on the merits when a serious legal question is involved and show that the balance of equities [*i.e.*, the other three factors] weigh heavily in favor of granting the stay." *Celestine v. Butler*, 823 F.2d 74, 77 (5th Cir. 1987).

Johnson argues that he is likely to succeed on the merits of his Rule 60(b) motion particularly because McCann's representation constitutes extraordinary circumstances, he will be irreparably injured without a stay because he will be executed otherwise, the State of Texas has an interest in the integrity of capital proceedings so will not be injured by a stay, and the public interest lies in fair criminal proceedings. (Docket Entry No. 96). The Court has found that Johnson's Rule 60(b) motion is without merit. Johnson has not made a strong showing that he could succeed on the merits if the Court granted Rule 60(b) relief. The State's strong interest in carrying out its presumptively correct judgment weighs heavily against a stay. The Court, therefore, denies Johnson's motion for a stay.

## CERTIFICATE OF APPEALABILITY

The Fifth Circuit can only consider the denial of Johnson's second Rule 60(b) motion if a Certificate of Appealability (COA) is granted. *See Hernandez v. Thaler*, 630 F.3d 420, 428 & n.37

(5th Cir. 2011).[16]  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  *Buck*, 137 S. Ct. at 773 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).  When the district court ruled on procedural grounds, a COA only issues when an inmate shows "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This Court finds that reasonable jurists would not debate the procedural denial of Johnson's Rule 60(b) motion.  The Court will not certify any issue for appellate review.

## CONCLUSION

This Court has already once stayed Johnson's execution because of concerns about his legal representation.  For the reasons discussed above, the Court **DENIES** Johnson's Rule 60(b) motion and **DENIES** a stay of execution.  The Court will not certify any issue for appellate review.

The Clerk will provide copies of this Order to the parties.

SIGNED on August 12, 2019 at Houston, Texas.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

---

[16]     "A COA is not required to review the district court's ruling on a non-merits issue such as a stay."  *Young v. Stephens*, 795 F.3d 484, 494 (5th Cir. 2015).

21